HOOKS v. ROCKET OIL CO.

No. 30460. Oct. 6, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 846.*

Woodrow George, John C. Caldwell, and Stephen A. George, all of Ardmore, for plaintiff in error.

Brown & Cund, of Duncan, for defendant in error.

L. G. Owen, Forrest M. Darrough, Joseph L. Seger, and Harry C. Chapman, all of Tulsa, amici curiae.

BAYLESS, J. James Hooks, plaintiff below, appeals from the judgment of the district court of Carter county in favor of Rocket Oil Company, a corporation. The action was filed to obtain a money judgment for a share of the oil and gas produced under a lease given by Hooks, and the issue turned on the effect of the various records in the chain of title.

The parties admit that Short owns one-half of the mineral interests in the land involved and Morris owns one-half of the royalty. Heretofore there has been litigation about this land wherein a mortgage lien was foreclosed and the interests in the title determined. Hooks' remote grantor and Short and Morris were parties, and in that action Short was decreed to own "an undivided one-half interest in the oil, gas and other minerals"; and Morris was decreed to own:

"a one-half royalty interest . . . and the court construes said grant one-half royalty interest to mean one-half of the one-eighth royalty, that is to say, that if oil or gas is produced from said land under any lease contract, or by the owners of said land, that one-six-teenth of the oil and gas produced from said premises shall be delivered to the said J. E. Morris his heirs or assigns, free of all costs to him";
and,

"the court further finds that the owner of said lands (Phillips then, Hooks now) has the right to execute oil and gas leases . . . insofar as the one-half royalty interest owned by J. E. Morris et al. . . . are concerned and receive all bonuses and delay rentals paid for said oil and gas lease or leases." (Our parentheses.)

Hooks and wife executed a lease on the land for a bonus of $500, and the usual royalty provisions found in leases, including 1/8th of the oil. For years oil was produced and one-half of the oil, including one-half of the 1/8th royalty, was paid to the Short interests and one-half of the 1/8th royalty was paid to Morris, and nothing was paid to Hooks on the theory the 1/8th royalty reserved in his lease was consumed by the outstanding royalty interests owned by the others.

In this action Hooks asserts Short owns 8/16ths of the oil, Morris 1/16th,

and he 1/8th of 7/16ths, and his lessee the remainder. In other words, Hooks asserts that the 1/8th reserved by him in his lease is to come out of the interest owned and leased by him.

The parties argue whether the judgment in the former action is res adjudicata in this action. Rocket insists it is, and Hooks insists it is not, principally because the conclusions of law or the decree did not cover all of the findings of fact. See Oklahoma City v. McAlester, 196 U. S. 529, 25 S. Ct. 324, 49 L. Ed. 587. The decree found specifically on the points, and in the decree part of the journal entry the court ordered that Short and Morris own the interest "as above set out," referring to the findings. We believe this is sufficient and that Hooks' claim that res adjudicata does not apply is without merit.

The lease executed by Hooks and wife is the "usual 88 Form lease" in general use in the Mid-Continent area. The land described as leased is the 20 acres in question, and there is no language in the granting portion or in the description whereby Hooks limited or qualified his ownership. Further down in the lease, however, appears the usual provision for prorating according to any diminution in Hooks' title, reading:

"If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals shall be paid the lessor only in the proportion which lessor's interest bears to the whole and undivided fee."

The royalty provision touching the oil to be produced reads:

"In consideration of the premises, the said lessee covenants and agrees to deliver to the credit of the lessor, free of cost, in the pipe line to which the lessee may connect wells on said land, the equal one-eighth part of all oil produced and saved from the leased premises."

We see that the lessee obligated himself to pay a royalty of the oil equal to 1/8th. That was all of the oil that might be produced that Hooks reserved as royalty. That is to say: One barrel of every eight. This was subject to diminution according to the state of his title.

It is to be observed that Hooks did not restrict his lease to the 7/16ths of the minerals owned by him, but leased the 20 acres as though it were entirely owned by him, and for one royalty of 1/8th.

By the terms of the prorating clause quoted above, as soon as the lease was given, one-half of the oil, including its proportion of the royalty, was excepted from what Hooks leased and should receive, for he admits he did not own it. Thus one-half of the 1/8th he reserved passed from him.

That left 8/16ths of the oil, of which 1/16th would be royalty under his lease, and by the terms of the former judgment this belonged to Morris. Thus all he required the lessee to pay belonged to someone else.

If Hooks' contention be accepted, the lessee would be obligated to pay 1/8th, or 16/128ths, as royalty, to Short and Morris, and 1/8th of 7/16ths, or 7/128ths to him, making in all a royalty of 23/128ths, or 7/128ths above what the lease requires. We think this calculation is a sufficient demonstration of the incorrectness of Hooks' construction of this lease.

The judgment is affirmed.

RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.